UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R. ALEXANDER ACOSTA,
Secretary of Labor, United States
Department of Labor,

        Petitioner,

v.

Case No. 19-50808
Hon. Victoria A. Roberts

TIMOTHY SCHULTZ, an individual,
And SUSAN GALBREATH, an individual,

        Respondents.
_____/

**ORDER DENYING RESPONDENTS' MOTION TO DISMISS\
SECRETARY OF LABOR'S PETITION TO ENFORCE
ADMINISTRATIVE SUBPOENAS *DUCES TECUM* [ECF No. 4]**

### I.  INTRODUCTION

Timothy Schultz ("Schultz") and Susan Galbreath ("Galbreath") (collectively, "Respondents") move to dismiss administrative subpoenas duces tecum ordered by R. Alexander Acosta, Secretary of Labor. Respondents object to the Court's Order granting enforcement of the subpoenas.

Respondents present a detailed timeline in their motion.

In 2016 the United States Department of Labor ("DOL") opened a wage and hours investigation into Procorp, LLC ("Procorp") under the Fair

1

Labor Standards Act ("FLSA"). Schultz was Procorp's sole owner and member. Galbreath was its employee. Procorp has since ceased doing business.

Respondents cooperated with the investigation until the Secretary issued administrative subpoenas duces tecum. The subpoenas ordered them to appear at depositions and bring nine categories of documents.

Respondents objected to the ninth category: "A list of all entities for which [Respondents] served or serves as a Resident Agent and a description of the work performed by each such entity." [ECF No. 4-18, PageID.180; ECF No. 4-19, PageID.183]

Respondents did not provide the lists and descriptions. Nor did they answer deposition questions concerning other business entities.

The Secretary petitioned the Court for enforcement of the subpoenas. [ECF No. 1] There was no response to this petition.

The Court granted it and ordered Respondents to comply with the subpoenas or show cause for noncompliance. [ECF No. 3] They then filed this "response and motion." [ECF No. 4]

Respondents ask the Court to "dismiss" the subpoenas duces tecum for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They say that the

Secretary fails to meet the requirements for administrative subpoenas duces tecum.

The Court **DENIES** Respondents' motion.

II.   **DISCUSSION**

A subpoena duces tecum is not a cognizable "claim," and therefore Fed. R. Civ. P. 12(b)(6) does not apply. The proper procedural route for the relief Respondents seek is a motion to quash under Fed. R. Civ. P. 45(d)(3).

Under that rule, the Court can quash a subpoena duces tecum if it causes an undue burden on the respondent. Fed. R. Civ. P. 45(d)(3)(A)(iv). The subpoena must "be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome." *See v. City of Seattle*, 387 U.S. 541, 544 (1967).

An agency may issue subpoenas for "all reasonable inspections of such documents which are contemplated by statute." *Id.*

Respondents argue the contested information—lists of other businesses where Respondents serve or have served as Resident Agents and a description of the work those businesses perform—is: (1) not relevant to the Procorp investigation, (2) overly broad, and (3) unduly burdensome to produce. The Court disagrees.

### A. The contested records are relevant to the Secretary's investigation

Respondents contend the subpoenas duces tecum seek irrelevant information.

Records must be produced if the information sought is relevant to any inquiry that the Secretary is authorized to undertake. *Dole v. Trinity Industries, Inc.*, 904 F.2d 867, 874 (3d Cir. 1990). The DOL informed Respondents "the subpoenas seek information relevant to the investigation because the other companies for which [Respondents] serve or have served as Resident Agent may also have FLSA liability under the equitable doctrine of successor liability." [ECF NO. 4-26, PageID.207]

The Secretary also explained the relevance of DOL's inquiries in his petition for enforcement. [ECF No. 1] DOL requires the information about Respondents' other business interests in order to investigate whether those businesses are part of the same "enterprise" as Procorp under the FLSA. [ECF No. 1, PageID.21-24]

By granting the petition for enforcement, the Court has already found the information to be relevant and within the Secretary's statutory authority.

### B. The lists of other businesses are not "overly broad"

Respondents say that the Secretary's subpoenas are overly broad. However, Respondents' conclusory statement that the Secretary is engaged in a "fishing expedition" is unpersuasive.

Respondents also cite inapplicable case law to support their argument. For example, in *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018) the DOL issued a subpoena requiring the defendant company to produce documents related to its shareholders' other companies. But these documents were not under the defendant's control and the company could not produce them. Here, there is no question that requested information is under Respondents' control. *La Piedad Corp.* is not instructive.

Respondents also rely on *Acosta v. Fusilli at Miller Place, Inc.*, 2018 WL 3302183 at *2 (E.D.N.Y. July 5, 2018). They say that the district court ruled against a subpoena that compelled a business owner to produce employee information for the business under investigation. However, employee information is not the subject of the Secretary's contested subpoenas here. In fact, where *Fusilli* is factually similar to this case, the holding goes against Respondents' arguments: the district court required the respondent business owner to produce a list of other businesses he owned or operated. The court noted, "Respondent's argument fails to

5

recognize that the documents are relevant to the issue of joint employer liability under the FLSA." *Id.*

The lists of other businesses and descriptions of the work done at them are relevant to the Secretary's investigation.

### C. Respondents do not persuasively argue providing records is an undue burden

Respondents say that providing lists of other businesses and a description of the work done by each business is unduly burdensome. This argument is unsupported by case law or facts.

Respondents say they have already provided a list of business entities where Schultz serves or served as a Resident Agent. They do not specify any burdens they faced in providing this list. Nor do they allege any specific burdens that would prevent them from providing: (1) a short description of the work performed at these businesses, and (2) a list of Galbreath's business interests. This is insufficient to satisfy Respondents' obligation to demonstrate burden.

The law is clear that even relevant information need not be produced if it would be unduly burdensome or oppressive to do so. *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 124 (E.D. Mich. March 14, 1977). But undue burden is assessed on a case by case basis, "considering such factors as relevance, the need of the party for the documents, the breadth

of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018) (internal quotation omitted).

By the explanation given, Respondents fail to sustain their burden to show compliance with the subpoenas would be unduly burdensome.

### III. CONCLUSION

The Court **DENIES** Respondents' motion to dismiss.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 19, 2019